IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE
AT MEMPHIS

FILED
DEC 16 2010

DELLWYN MICHELLE TURNIPSEED, DDS,

PLAINTIFF,

vs.

STATE FARM INSURANCE COMPANY,

DEFENDANT.

No. CT 006052-10
VI

## COMPLAINT

COMES NOW the Plaintiff, Dellwyn Michelle Turnipseed, by and through her counsel of record, Glassman, Edwards, Wyatt, Tuttle & Cox, P.C., and files this Complaint against Defendant State Farm Fire and Casualty:

### PARTIES AND JURISDICTION

1. Plaintiff Dellwyn Michelle Turnipseed, DDS ("Dr. Turnipseed") is an adult resident of Memphis, Shelby County, Tennessee.

2. At all times material to this Complaint, Defendant State Farm Insurance Company ("State Farm") was a foreign corporation engaged in the insurance business in the State of Tennessee. State Farm can be served with process via the State of Tennessee Commissioner of Insurance.

3. This Complaint originates as the result of a burglary and theft at 3461 Ridge Meadow Parkway in Memphis, Shelby County, Tennessee (the "Property").

4. Both venue and jurisdiction are proper before this Court.

1

## FACTS

5. Dr. Turnipseed operated a dental practice at the Property on September 7, 2007.

6. As part of her dental practice, Dr. Turnipseed purchased a business insurance policy via its Policy Number 92-EG-3794-5 (the "Policy") that covered, among others, theft and damage to personal property and improvements to the Property.

7. As part of this policy, State Farm agreed to insure the real property and improvements, as well as the personal property therein, at the Property.

8. A copy of the Policy declaration page is attached hereto as Exhibit A.

9. At all times material hereto, the insured premises and Property included a building where a dental practice was located.

10. The Policy provided insurance coverage for lost, stolen and damaged personal property and improvements to the real property.

11. Pursuant to the Policy, Dr. Turnipseed paid an annual premium to State Farm in exchange for the insurance coverage.

12. Dr. Turnipseed paid the required premiums at all times relevant to this Complaint.

13. On or about September 7, 2007 in the evening hours, Dr. Turnipseed was called by Ms. Charlie Hines to advise there had been a break in at the Property (the "Incident"). Ms. Hines had been assisting Dr. Turnipseed with cleaning help for many years and was present at the Property for her scheduling cleaning services.

14. Unknown persons, among other acts, broke windows on the Property, damaged a glass door, broke doors off of cabinets, brook a door off a dental x-ray unit, tore Formica, ripped wires out of the wall, damaged the MLG&W meter box, damaged the wooden fence outside of the clinic, and stole or otherwise damaged personal property at the Property, including but not limited to computer servers, computer monitors, desktop computers, laptop computers, printers, a copy machine, a boom box, a microwave, a coffee maker, cameras, DVD/VCR players, amplifiers, a receiver, a computer backup unit, radios, and televisions.

15. Dr. Turnipseed did not participate, organize or facilitate the Incident.

16. Dr. Turnipseed, within a reasonable period of time after the Incident, contacted State Farm to advise of the Incident.

17. Dr. Turnipseed has provided to State Farm documentation, including receipts and quotes, for the repair work performed at the Property after the Incident.

18. Dr. Turnipseed has supplied to State Farm a proof of loss claim totaling $79,025.02 in stolen property from her dental practice as a result of the Incident.

19. State Farm has not paid to Dr. Turnipseed the full claimed amount of damages despite a good faith effort on the part of Dr. Turnipseed to supply information to State Farm.

20. State Farm has not paid Dr. Turnipseed for third party vendors retained to help restore information on the computer system at the dental practice and perform repair and restoration work on the property.

21. Dr. Turnipseed has fulfilled all of the duties after the Losses that were imposed upon her by the Policy.

22. Despite the fact that Dr. Turnipseed has fulfilled all duties imposed upon her by State Farm and is at no fault in this matter, State Farm has delayed, ignored and in most every part denied Dr. Turnipseed's claims for insurance proceeds.

23. Dr. Turnipseed has used State Farm for her insurance needs for more than twenty (20) years for both personal and professional insurance policies.

24. Dr. Turnipseed has relied upon the same State Farm adjuster for more than twenty (20) years, that being James DuPree.

25. Dr. Turnipseed has had over twenty (20) State Farm policies over the years. Payments for all of the premiums of these policies were automatically drafted out of her checking account.

26. Nevertheless, State Farm has not paid Dr. Turnipseed the amounts claimed as damages from the Incident.

27. State Farm has no good faith basis for not paying the monies owed as a result of the Incident.

28. Instead, State Farm spent time, money and resources investigating Dr. Turnipseed's personal life, including:

    a) The identity, if any, of Dr. Turnipseed's romantic partners;

    b) Whether she has previously been the victim of theft;

    c) Whether she owes money on her home, and if so, how much;

    d) Whether she was going through a divorce at the time of the break in and whether that divorce was contentious;

    e) Whether child support is owed for the care, support and welfare of Dr. Turnipseed's children;

    f) Whether Dr. Turnipseed had "credit issues;"

    g) Whether Dr. Turnipseed had a federal tax lien asserted against her, which had been paid off before the Incident;

    h) Whether Dr. Turnipseed had loaned money to friends and/or patients;

    i) How much Dr. Turnipseed paid to attorneys for her divorce; and

    j) How Dr. Turnipseed would describe her "personal financial condition at the time of this loss."

29. None of the issues identified in Paragraph 28 have anything to do with the validity of the claim from the September 2007 Incident, and show an outrageous pattern of conduct by State Farm.

30. This is especially true considering Dr. Turnipseed had no responsibility in the break in and vandalism in September 2007.

31. State Farm's refusal to pay Dr. Turnipseed the amounts owed to her as a result of the terms and insured provisions in the Policy are without justification and are in bad faith.

32. State Farm's refusal to pay Dr. Turnipseed the money and benefits due to her under the Policy has caused her to seek legal counsel and initiate this Complaint to recover insurance proceeds to which she is entitled.

## COUNT I: BREACH OF CONTRACT

33. The allegations contained in paragraphs 1 through 32 of the Complaint are incorporated herein by reference as if set forth verbatim.

34. The Policy issued by State Farm is a binding contract, and is supported by valid consideration.

35. State Farm is in total, material breach of the Policy.

36. State Farm is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss.

37. Specifically, State Farm's breach includes State Farm's failure and refusal to pay the amounts owed to Dr. Turnipseed under the Policy.

38. As a result of State Farm's breach of contract, Plaintiff has sustained losses for the amounts claimed under the Policy, as well as monetary damages for economic losses.

## COUNT II: BAD FAITH

39. The allegations contained in paragraphs 1 through 38 of the Complaint are incorporated herein by reference as if set forth verbatim.

40. State Farm's delay and failure to pay the amounts contractually owed to Plaintiff is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code Ann. § 56-7-105 in that more than sixty (60) days have passed since a formal demand has been made on State Farm and full payment has not been made for the loss as required pursuant to the Policy, for which the 25% statutory penalty for bad faith should be invoked.

41. The bad faith of State Farm is evidenced by the following:

a. At all times hereto, State Farm knew, or reasonably should have known, that Plaintiff was justifiably relaying on the money and benefits due to her and her dental practice under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiff's rights, and with the intention of causing unjust and cruel hardship on her, State Farm consciously ignored Plaintiff's valid claims and denied Plaintiff's claims and withheld monies and benefits rightfully due to Plaintiff.

b. State Farm's failure to pay the amounts owed to Plaintiff for the damage and theft;

c. State Farm's efforts to pry into the personal life of the Plaintiff, which bears no relevance whatsoever to the merit of the claims;

d. State Farm's failure to promptly adjust, and pay, Plaintiff's claims for theft and burglary; and

e. State Farm indirectly accusing Plaintiff of being responsible for the theft and losses incurred.

42. In so acting, State Farm intended to and did injure Plaintiff in order to protect its own financial interests, and should be punished via the 25% bad faith penalty as authorized by statute.

### COUNT III: TENNESSEE CONSUMER PROTECTION ACT

43. The allegations contained in paragraphs 1 through 42 of the Complaint are incorporated herein by reference as if set forth verbatim.

44. Dr. Turnipseed is a consumer within the meaning as contemplated by the Tennessee Consumer Protection Act.

45. State Farm is engaged in the business of issuing insurance policies in the ordinary course of business.

46. State Farm engaged in unfair and deceptive acts or practices which violate the Tennessee Consumer Protection Act, as codified as Tenn. Code Ann. § 47-18-101, *et seq.*

47. Specifically, pursuant to Tenn. Code Ann. § 47-18-104(27), said unfair and deceptive practices include, without limitation, the following:

   a. Failing to act and adjust Plaintiff's claims in a reasonably prompt manner after its submission for no valid reason and for the betterment of State Farm;

   b. Failing to fully inform Plaintiff of her rights and obligations under the Policy;

   c. Failing to affirm or deny Dr. Turnipseed's claims within a reasonable period of time after the proof of loss was submitted;

   d. Failing to fully inform Plaintiff regarding the proper manner and method for calculating the amount of the insurance claim;

   e. Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims when liability was reasonably clear;

   f. Refusing to pay Plaintiff's claims without conducting a reasonable investigation based on all available information;

   g. Delaying and ignoring Plaintiff's claims, as well as information and documentation submitted in support of said claims; and

   h. Focusing on irrelevant areas, including those referenced above in Paragraph 28.

48. As a result of Defendant's violation of the Tennessee Consumer Protection Act, Plaintiff has suffered ascertainable losses, and has been damaged.

WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that this Honorable Court award a judgment against State Farm as follows:

A. For compensatory damages against State Farm not to exceed $250,000.00;

B. For damages against State Farm for its bad faith as authorized by Tenn. Code Ann. § 56-7-105, in an amount not to exceed 25% of the full amount to which Plaintiff is entitled under the Policy;

C. For treble damages against State Farm as authorized by the Tennessee Consumer Protection Act;

D. For reasonable attorney's fees incurred as a result of this action as authorized by the Tennessee Consumer Protection Act;

E. For all costs incurred by Plaintiff as a result of this action;

F. For pre-and post-judgment interest; and

G. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury.

Respectfully submitted,

**GLASSMAN, EDWARDS, WYATT, TUTTLE & COX, P.C.**

BY: _____
ROBERT A. COX (#14279)
EDWIN E. WALLIS III (#23950)
26 N. 2nd Street
Memphis, Tennessee 38103
(901) 527-4673
(901) 521-0940 (Fax)
ewallis@gewwlaw.com
Our File No. 04-492

**Attorneys for Plaintiffs**

8

## COST BOND

This Firm stands as surety for the costs in this matter not to exceed one thousand dollars ($1,000.00).

_____
EDWIN E. WALLIS III

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____                By: _____
Signature of person accepting service                Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20____.

By: _____
Sheriff or other authorized person to serve process

---

Docket No:

IN THE
(CIRCUIT/CHANCERY) COURT
OF TENNESSEE
FOR THE
THIRTIETH JUDICIAL
DISTRICT AT MEMPHIS

**SUMMONS IN A CIVIL ACTION**

Deliwayn Michelle Turnipseed DDS
Plaintiff

vs

State Farm Insurance Company
Defendant

Robert A. Cox
Attorney for Plaintiff/Pro Se
901-527-4673
Telephone Number

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-006057-10    ☉ Lawsuit  ○ Divorce    Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| Dellwyn Michelle Turnipseed DDS | VS | State Farm Insurance Company |

TO: (Name and Address of Defendant (One defendant per summons))

State Farm Insurance Company
served through Commissioner of Insurance
Davy Crockett Tower, 4th Floor
500 James Robertson Parkway
Nashville, TN 37243-0565

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
☑ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Robert A. Cox Plaintiff's attorney, whose address is 26 N. Second Street, Memphis, TN 38103, telephone +1 (901) 527-4673 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE    Clerk

TESTED AND ISSUED  12/16/10  By _____ D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

12/16/10

JIMMY MOORE, Clerk

By: _____ D.C.